UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREATIVE CONCEPTS MANUFACTURING LIMITED (a Hong Kong limited corporation), | : : : : : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:17-cv-6066-BRM-DEA |
| TEAM BEANS LLC d/b/a FOREVER COLLECTIBLES (a Delaware limited liability company), | : : **OPINION** : : |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Court's Order to Show Cause and Defendant Team Beans LLC d/b/a Forever Collectibles' ("Forever Collectibles") Motion to Dismiss Count Two of the Complaint. (ECF No. 10-1 and ECF No. 16.) Plaintiff Creative Concepts Manufacturing Limited ("Creative Concepts") opposes Forever Collectibles Motion to Dismiss. (ECF No. 14.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Forever Collectibles Motion to Dismiss is **DENIED** and the Court's Order to Show Cause is **VACATED**.

**I.    BACKGROUND**

**A.    FACTUAL BACKGROUND**

For the purposes of the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any

"document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

Creative Concepts designs, manufactures, and distributes innovative and functional products around the world, including home, kitchen, household cleaning, personal care, fitness, home and garden, and automotive products. (Compl. (ECF No. 1) ¶¶ 6-7.) It has "supplied products to hypermarkets, chain stores, mail order companies, retail stores, online sellers, ecommerce websites, small marts, and importers." (*Id.* ¶ 8.) Forever Collectibles "holds itself out as a manufacturer of license sports and entertainment merchandise." (ECF No. 14 at 1.)

On April 28, 2017, the parties' commenced discussions regarding a potential order of fidget spinners under the brand name Diztracto Spinnerz (the "fidget spinners"). (ECF No. 1 ¶ 11.) On May 31, 2017, Forever Collectibles submitted a Purchase Order to Creative Concepts for an order of 58 different prints representing various college and professional sports teams fidget spinners. (*Id.* ¶¶ 15-16.) The Purchase Order also identified the number of units purchased per print (ranging from 1,152 units to 15,168 units), the unit price per unit, and the total price per print. (*Id.* ¶ 25.)

On June 7, 2017, Forever Collectibles paid a deposit to Creative Concepts. (*Id.* ¶ 26.) That same day, Collective Concepts confirmed receipt of the revised purchase order and attached an updated sales contract. (*Id.* ¶ 27.) Later in June, Forever Collectibles inquired as to whether Creative Concepts was splitting the order by purchase order or by style and by full quantities of one team or among multiple teams. (*Id.* ¶ 36.) Creative Concepts responded by stating they were splitting the order by purchase order and by teams with their full quantity. (*Id.* ¶ 37.) On June 28, 2017, Creative Concepts sent Forever Collectibles an email confirming three purchase order delivery dates. (*Id.* ¶ 39.) On July 5, 2017, Forever Collectibles responded by stating, "YOU NEED TO UPDATE QTYs FOR EACH LINE ITEM. WE CANCELLED SOME QTYs, BUT YOUR

PSR IS STILL SHOWING ORIGINAL TOTALS. SHOULD ONLY HAVE 105,326 ON [First Purchase Order] PER ATTACHED REVISED PO. (*Id.* ¶ 40.) On July 6, 2017, Forever Collectibles asked Creative Concepts to ship to their Los Angeles warehouse. (*Id.* ¶¶ 41-42.)

On July 9, 2017, Forever Collectibles performed an inspection at the factory of the fidget spinners, and found defects in the products. (*Id.* ¶ 43.) Creative Concepts informed Forever Collectibles that the goods would be reworked overnight and ready for re-inspection the following day. (*Id.* ¶ 44.) On July 12, 2017, at the direction of Forever Collectibles, Creative Concepts shipped the first batch of fidget spinners to OnTime Express Ltd. ("OneTime Express"), a freight forwarder contracted by Forever Collectives for the anticipated shipment of goods. (*Id.* ¶¶ 49-50.) On July 14, 2017, Forever Collectibles emailed Creative Concepts cancelling all other purchase orders that were not shipped with the first batch of fidget spinners. (*Id.* ¶ 52.) Accordingly, Creative Concepts did not ship the second batch of fidget spinners to OnTime Express. (*Id.* ¶ 53.)

On July 15, 2017, Forever Collectibles contacted Creative Concepts stating it would take the balance of the goods for a reduced price of $0.50 per fidget spinner. (*Id.* ¶ 54.) Creative Concepts rejected the offer. (*Id.* ¶ 55.) On July 18, 2017, Creative Concepts informed OnTime Express that the shipment could not be released without further instruction from it, pending Forever Collectibles paying the remaining balance. (*Id.* ¶¶ 56-58.) On July 20, 2017, Collective Concepts emailed OnTime Express expressing its intent to reclaim the first batch of fidget spinners. (*Id.* ¶ 59.) However, Forever Collectibles also instructed OnTime Express to release the first batch of fidget spinners to them, notwithstanding Creative Concepts' instructions to the contrary. (*Id.* ¶ 62.) On July 25, 2017, OnTime Express released the first lot of goods for shipment to Forever Collectibles. (*Id.* ¶ 25.) Forever Collectives has yet to pay the remaining balance on the first batch of fidget spinners. (*Id.* ¶ 64.)

### B. Procedural History

On August 11, 2017, Creative Concepts filed a Complaint against Forever Collectibles alleging five counts: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) conversion; (4) promissory estoppel; and (5) quantum meruit. (ECF No. 1.) On September 25, 2017, in lieu of filing an answer, Forever Collectibles filed a Motion to Dismiss Count Two of the Complaint (breach of the covenant of good faith and fair dealing). (ECF No. 10.) On December 11, 2017, the Court ordered Creative Concepts to show cause why this case should not be dismissed for lack of subject-matter jurisdiction due to lack of diversity. (ECF No. 16.) On December 22, 2017, Creative Concepts responded to the Court's Order to Show Cause. (ECF No. 17.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir.1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

**III. DECISION**

**A. Order to Show Cause**

The Court, *sua sponte*, ordered Creative Concepts to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. (ECF No. 16.) On December 22, 2017, in response to the Order to Show Cause, Creative Concepts notes it is a Limited Corporation with its headquarters in Hong Kong, and that all owners were citizens of India and residents of Hong Kong. (ECF No. 17 at 2.) It further alleges Forever Collectibles is a Delaware Limited Liability Company with its headquarters in New Jersey. (*Id.*) Counsel for Creative Concepts conducted a search of public records of the states of Delaware and New Jersey, which confirmed Forever Collectibles was organized under the laws of the State of Delaware and that Michael Lewis is the Chief Executive Officer of Forever Collectibles with an address in Somerset, New Jersey. (*Id.* at 3.) The research did not result in the identification of any other members of Forever Collectibles. (*Id.*) "Creative Concepts has a good faith belief that complete diversity of the parties exists." (*Id.*)

The Court is satisfied from Creative Concepts' Complaint and response to the Order to Show Cause that it has subject-matter jurisdiction based on diversity. Moreover, the fact that Forever Collectibles did not file a motion to dismiss based on jurisdiction, leads the Court to find diversity jurisdiction exists. If, however, subject-matter jurisdiction becomes defeated at some point in the future, the Court may, on motion by the parties or *sua sponte*, address subject-matter jurisdiction and remand the case to state court if appropriate. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). Accordingly, the Court's Order to Show Cause is **VACATED**.

**B. Motion to Dismiss**

Forever Collectibles argues Count Two (breach of covenant of good faith and fair dealing) of the Complaint should be dismissed because it is duplicative of Count One (breach of contract). (ECF No. 10-1 at 5-7.) It further argues dismissal is appropriate because Creative Concepts failed to sufficiently allege facts suggesting Forever Collectibles engaged in bad faith. (*Id.* at 7-9.) Creative Concepts argues the Complaint alleges all necessary elements for a breach of the covenant of good faith and fair dealing claim and that such claim may proceed as an independent cause of action because it is not redundant of its breach of contract claim. (*See* ECF No. 14.)

Pursuant to New Jersey law, all contracts have an implied covenant of good faith and fair dealing, which prohibits either party from doing "anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 270 (3d Cir. 2004) (citations omitted); *see Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 395-96 (N.J. 2005). In order to succeed on a claim for breach of the covenant of good faith and fair dealing, a plaintiff must plead: (1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract [unless excused]; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss or harm. *Wade v. Kessler. Inst.*, 778 A.2d 580, 586 (N.J. Super. Ct. App. Div. 2001), *aff'd as modified*, 798 A.2d 1251 (N.J. 2002). "A plaintiff may be entitled to relief under the covenant [of good faith and fair dealing] if its reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 267 (3d Cir. 2008) (quoting *Brunswick Hill Racquet Club, Inc.*, 864 A.2d at 396);

*Graco, Inc. v. PMC Glob., Inc.*, No. 08–1304, 2009 WL 904010 (D.N.J. 2009) ("A defendant who acts with improper purpose or ill motive may be found liable for breaching the implied covenant if the breach upsets the plaintiff's reasonable expectations under the agreement.").

"However, breach of the implied covenant of good faith and fair dealing does not create an independent cause of action when it is based on the same underlying conduct as the breach of contract claim." *Hills v. Bank of Am.*, No. 13-4960 ES, 2015 WL 1205007, at *4 (D.N.J. Mar. 17, 2015) (citing *Wade*, 778 A.2d 580). Instead, breach of the implied covenant of good faith and fair dealing may be an independent cause of action under three limited circumstances:

> (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

*Kumon N. Am., Inc. v. Timban*, No. 13–4809, 2014 WL 2812122, at *7–8 (D.N.J. June 23, 2014) (quoting *Barrows v. Chase Manhattan Mortg. Corp.*, 456 F. Supp. 2d 347, 365 (D.N.J. 2006)).

Creative Concepts has sufficiently pled a violation of the covenant of good faith and fair dealing and the third circumstance from *Kumon*. *Wade*, 778 A.2d at 586; *Kumon*, 2014 WL 2812122, at *7–8. First, the Complaint contains detailed factual allegations to support the existence of a contract between the parties. (ECF No. 1 ¶ 15 ("On or about May 31, 2017, Forever Collectibles submitted a Purchase Order to Creative Concepts for an order of handheld spinning toys under the brand name Diztractor Spinnerz.").) In fact, Forever Collectives has not moved to dismiss Creative Concepts' claim for breach of contract, and argues Creative Concepts breach of the implied covenant of good faith and fair dealing argument is prevented by the existence of Count One, Creative Concepts breach of contract claim. Second, the Complaint alleges Creative Concepts

performed under the terms of the contract by making clear that Creative Concepts manufactured the ordered products and had them ready for delivery according to the alleged agreed upon schedule. (*Id.* ¶¶ 50-53.)

Third, Forever Collectibles engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract. The Complaint alleges Forever Collectibles "intentionally" breached the contract because it "knew that because the finished products contain designs licensed from third parties, Creative Concepts has a limited ability to sell the products to other potential purchasers." (*Id.* ¶¶ 74-75, 81.) It further alleges Forever Collectibles' "stated cancellation of the purchase orders followed by its offer to purchase the product for a reduced price was part of an intentional strategy to attempt to negotiate a lower price for the products," knowing Creative Concepts would not be able to sell it otherwise. (*Id.* ¶¶ 76, 81.) The Complaint clearly pleads Forever Collectibles acted with ill motive to the detriment of Creative Concepts. Lastly, Creative Concepts has sufficiently pled Forever Collectibles' conduct caused it to suffer injury, damage, loss or harm. (*Id.* ¶ 64 ("Forever Collectives has not paid the balance due.").)

In addition, Creative Concepts' breach of the covenant of good faith and fair dealing claim creates an independent cause of action because it satisfies one of the three limited circumstances articulated in *Kumon* and *Hills*. Creative Concepts has pled facts giving rise to the possibility that—even if Forever Collectibles did not breach any agreement—"it exercised unfair discretion regarding its contract performance to the 'effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Hills*, 2015 WL 1205007, at *4 (citation omitted). Creative Concepts has specifically alleged that Forever Collectibles intentionally breach the contract because it "knew that because the finished products contain designs licensed from third

9

parties, Creative Concepts has a limited ability to sell the products to other potential purchasers." (ECF No. 1 ¶¶ 74-75, 81.) It further alleges Forever Collectibles "stated cancellation of the purchase orders followed by its offer to purchase the product for a reduced price was part of an intentional strategy to attempt to negotiate a lower price for the products," knowing Creative Concepts would not be able to sell it otherwise. (*Id.* ¶ 76, 81.) At this stage, the Court is guided by the liberal pleading standards and therefore gives Creative Concepts the benefit of all doubt and allows this claim to proceed to discovery. *See Alin v. Am. Honda Motor Co.*, No. 08-4825, 2010 WL 1372308, at *12 (D.N.J. Mar. 31, 2010) (finding Plaintiff stated claim for breach of good faith and fair dealing due to "unfair exercise of discretion" where plaintiff alleged that defendant, inter alia, refused to cover certain repairs under a warranty). Accordingly, Forever Collectibles' Motion to Dismiss Creative Concepts' breach of the implied covenant of good faith and fair dealing is **DENIED**.

**IV. CONCLUSION**

For the reasons set forth above, Forever Collectibles Motion to Dismiss is **DENIED** and the Court's Order to Show Cause is **VACATED**.

Date: April 30, 2018　　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*　　　　　
　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**